# MEMORANDUM

OF

# A CASE NOT REPORTED IN FULL.

41  377.
88   93
41  377
2ap227
41  377
13ap 98

SAMUEL BINGHAM AND ANOTHER, AS ADMINISTRATORS, ETC. OF GEORGE S. MOULTON, DECEASED, RESPONDENTS, *v.* THE MARINE NATIONAL BANK OF THE CITY OF NEW YORK AND WALTER S. JOHNSTON, AS RECEIVER, ETC., APPELLANTS.

*Actions by executors and administrators on contract made by them — when they may bring them either in their representative or in their individual capacity as they may elect — Code of Civil Procedure, sec.* 1814.

APPEAL from a judgment in favor of the plaintiffs, entered on the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The verdict was recovered for the amount of a certificate of deposit issued by the Marine National Bank on the 14th of November, 1883. This certificate was in the usual form, stating that Samuel Bingham and Caroline F. Moulton, administrators of the estate of George S. Moulton, had deposited with the bank $50,000, payable to the order of themselves on the surrender of the certificate, with interest at the rate of four per cent per annum, provided that the deposit was not withdrawn within three days. Before and at the time when the money was deposited, which was done by a draft, the plaintiffs had been appointed administrators of the estate of George S. Moulton, by the Probate Court of Windham, in the State of Connecticut, and they were acting as such at the time when this deposit was made in the bank. After that and on the 17th of September, 1884, they applied for and received ancillary letters of administration from the surrogate of the city and county of New York, and afterwards brought this action against the bank and its receiver to recover this sum of money and the interest upon it, and that result was secured by the verdict of the jury.

HUN — VOL. XLI    48

The court at General Term said : " It has been urged in support of the appeal that as the action was in form brought by the plaintiffs, as administrators, under the authority of the letters issued to them in this State, it cannot be maintained inasmuch as the transaction upon which it depends had previously transpired. But the object of issuing the letters to them in this State was to authorize them to proceed as administrators in collecting the debts and securing the property of the estate, which might be situated, or owing in this State, and for that purpose all the authority acquired, under letters of administration issued in this State, was conferred upon these plaintiffs. (Code Civil Pro., § 2702.) And a part of that authority was the right to collect this demand, if in fact it was, as it appears to have been, a demand owing to the estate itself. But if the action was not regularly brought in this form by the plaintiffs, but should have been brought by them as individuals, still they are at liberty to maintain it, for all the facts essential for that purpose were set forth in their complaint. And that they had further stated the decease of the intestate and the issuing of the. letters to them as administrators, and the transaction with the bank in that capacity, in no manner deprived the plaintiffs of the right individually to maintain the action. All the facts disclosing their rights were fully set forth, and if the action should be by them as individuals, all that it is requisite to be made to appear for that object has been alleged and stated by the plaintiffs.

" It seems by their note to have been the design of the persons framing section 1814 of the Code of Civil Procedure to require actions, brought upon the transactions of the executors or administrators, to be prosecuted or maintained, in their representative capacity, but that design was not so expressed in this section as to require it to be carried into effect, for the causes of action there mentioned are those belonging to the executors or administrators, in their representative capacity, which strictly speaking include only such causes of action as accrued during the lifetime of the decedent. For that reason it has been held in *Thompson* v. *Whitmarsh* (100 N. Y., 35), that this section does not include a demand accruing to the personal representatives, through a disposition of the funds or property of the estate, after the decease of the testator or intestate. This section in reality has, therefore, accom-

plished no change in the law of the State, as it previously existed. Upon a demand accruing to the personal representatives through such a transaction, they were by that law legally authorized to maintain an action for its recovery in their own names as individuals. (*Merritt* v. *Seaman*, 2 Seld., 168; *Biddle* v. *Wilkins*, 1 Peters, 686.) But while they were at liberty to proceed in that manner, the law was not compulsory that they should take that course, but they were at liberty to prosecute and maintain the action in that form, or in their representative capacity. (*Kane* v. *Paul*, 14 Peters, 33.) The cases to which reference has been made by way of supporting the appeal are in no manner in conflict with this general rule of practice, but, on the contrary, substantially conceded the existence of the rule as it has here been stated. What they have chiefly determined is, that a cause of action, which had accrued to the testator or intestate, cannot be united with another accruing to the personal representatives after his decease. (*Ferrin* v. *Myrick*, 41 N. Y., 315; *Austin* v. *Munro*, 47 id., 360; *Patterson* v. *Patterson*, 59 id., 574.) The plaintiffs were at liberty, therefore, either to bring this action in their own names as individuals, or as representatives of this estate, and as the facts for either action are fully stated and set forth in the complaint, they were here empowered to maintain the action if it could be sustained by them, either as individuals or as personal representatives."

\*         \*         \*         \*         \*         \*

*Charles E. Miller*, for the appellants.

*Robert Sewell* and *John R. Dos Passos*, for the respondents.

Opinion by Daniels, J.; Brady, J., concurred.

Judgment and order affirmed.